RECEIVED
JSO. CLERK GREENVILLE

2020 FEB 20 AM 9:53

UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA

David James,

    Plaintiff,

vs.

VAD d/b/a Vehicle Activation Department, and unknown business entity, SUNPATH LIMITED CORP, a Delaware Corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware Corporation

    Defendants

Case No.: No. 6:20-778-TMC-KFM

Jury Trial Requested: Yes

### The Parties to This Complaint

1. The Plaintiff is David James and natural person and was present in South Carolina for all calls in this case in Greenville County.

2. Defendant VAD is an unknown business entity organized and existing under the laws of the State of California with its principal place of business at 2102 Business Center Dr. 120, Irvine, CA 92612.

3. Defendant Sunpath is a corporation that can be served via Registered agent Registered Agent Solutions, INC. 317 Ruth Vista Rd. Lexington, SC 29073.

4. Defendant Northcoast Warranty Services is a corporation that can be served via Registered agent Corporation Service Company 1703 Laurel St. Columbia, SC 29201.

**JURISDICTION AND VENUE**

5. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

6. This Court also has personal jurisdiction over defendants because the events giving rise to this lawsuit occurred in this district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because the wrongful conduct giving rise to this case occurred in this District.

### Statement of Claim

8. Defendants sell and administer aftermarket extended auto warranties.

9. To increase the sales of their auto warranties and avoid paying for legitimate and legal forms of advertising, Defendants implemented a campaign to make telemarketing calls to thousands of consumers around the country simultaneously. Specifically, defendants amasses the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering extended auto warranty coverage.

10. When the Plaintiff answered his cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded voice message advertising auto warranties.

11. Defendants used robo dialers to make thousands of calls and played prerecorded messages in an attempt to get Plaintiff to purchase their product.

12. Defendants failed to obtain any prior express written consent from the Plaintiff before bombarding his cell phone with the annoying voice recordings.

13. Defendants failed to take in consideration of the National Do Not Call Registry list that the Plaintiff is registered on.

14. The Plaintiff has received multiple calls from the defendants attempting to sell their warranty services. The calls all originate from a spoofed caller id that typically shows a local number, a pre-recorded message, and all of the calls had a 3-4 seconds of dead air before the pre-recorded message began,

indicating the calls were initiated using an automated telephone dialing system.

15. The calls started in May of 2019 and the Plaintiff would press whatever number was offered to not receive any more calls. The calls would continue 3 to 4 times almost every day.

16. On or around May 26 2019, the Plaintiff pressed the option to speak with a live person. Once the person answered the phone, the plaintiff told them he was on the DNC list and wanted to be removed from their calls and the Defendants disconnected the call. The next day, the Plaintiff received another call and then also opted to speak with a live person. The Defendants came on the line, identified themselves as the Vehicle Activation Department at the Plaintiff's request and the Plaintiff asked for a copy of their internal DNC policy and was immediately disconnected again. Over the next several weeks, the Plaintiff received these calls numerous times on a daily basis.

17. All of the calls were received on the Plaintiffs personal cell phone number 864-238-1875. The Plaintiff should be able to ascertain to total number of calls through discovery.

18. The Plaintiff continued to receive calls daily throughout the month of June, 2019. One day in the middle of the month, the Plaintiff spoke with a live rep and played along in attempt to get pertinent information from the Defendants. The Defendants would never give a call back number to the Plaintiff. On 6-25-2019, the Plaintiff purchased contract HZF070615 in an effort to get contact information from the Defendants. The Defendants immediately emailed the Plaintiff documents showing VAD, Sunpath, and Northcoast Warranty Services as the providers.

19. On 6-28-2019, the Plaintiff emailed Sunpath to notify them of their blatant disregard to the DNC, to cancel the contract, and to provide notice of future litigation.

20. The Defendants never responded to the email, and continued to bill the Plaintiff for the service contract as of 2-3-2020, the day of this memo.
21. Plaintiff has made numerous calls to Sunpath and VAD over the last several months, and the voicemail messages typically went unresponsive.
22. Plaintiff did speak with a representative at VAD when he attempted to dispute the charges on his credit card and VAD called to obtain payment. The Plaintiff explained the entire story and the representative became very rude and basically told the Plaintiff that he was in the wrong for purchasing the product in an attempt to uncover the true identity of the Defendants.
23. The Defendants knowingly violated the TCPA by initiating automated calls with pre-recorded messages to the Plaintiff without maintaining an internal do not call policy in violation of 47 CFR 64. 1200(d).
24. The Defendants never sent the Plaintiff any do-not-call policy in violation of 47 CFR 64. 1200(d)(1).
25. The Defendants placed telemarketing calls to the Plaintiff without training their agents engaged in telemarketing on the existence and use of any do-not-call list in violation of 47 CFR 64. 1200(d)(2).
26. The Defendants placed telemarketing calls without identifying themselves of the party they were calling on behalf of in violation of 47 CFR 64. 1200(d)(4).

**PRAYER FOR RELIEF**

A. The Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.
B. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violation of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent.
C. The Plaintiff is entitled to an award of at least 500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

D. If the court finds that the Defendants willfully or knowingly violated this subsection, the court may exercise and its discretion to increase the amount of the award from $500 to 1,500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(C).

E. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

F. Punitive damages of $25,000.

G. An order declaring that the Defendants' actions, as set out above, violate the TCPA.

H. A refund of all charges and fees associated with the purchasing of the product by the Plaintiff.

I. An award of all actual and statutory damages.

J. An award of reasonable court costs and fees.

K. Any other further relief that the Court deems reasonable and just.

### Certification and Closing

27. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous agreement for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, is specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the compliant otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney**

28. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address of file with the Clerk's Office may result in the dismissal of my case.

Dated this ~~19th~~ 20th day of February, 2020

Plaintiff: David James